CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
FEB 15 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| BERNARD BARNETT, Petitioner, | Civil Action No. 7:07cv00051 |
| v. | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA, Respondent. | By: Hon. Jackson L. Kiser Senior United States District Judge |

The petitioner, Bernard Barnett, a federal inmate proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Upon review of the petition, the court concludes that Barnett has failed to demonstrate entitlement to relief under § 2241. Accordingly, Barnett's petition must be dismissed.

Barnett is currently incarcerated at the United States Penitentiary in Lee County, Virginia. In 1992, he was convicted in the United States District Court for the Southern District of New York for conspiring to distribute heroin and cocaine base, possessing a firearm during the commission of a drug trafficking offense, and possessing a firearm after having been convicted of a felony. At sentencing, the court determined that Barnett was a career offender and sentenced him to life imprisonment. Barnett appealed his convictions to the United States Court of Appeals for the Second Circuit. In October of 1993, Barnett's convictions were affirmed. Barnett subsequently filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. The motion was denied by the district court on December 12, 1994. Barnett then attempted to obtain authorization from the Second Circuit to file a successive § 2255 motion on five occasions; all of those requests were denied.

Subsequently, Barnett filed in this court a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241. In that petition, which was dismissed on May 9, 2006, he presented the same arguments that he presents in the instant petition, i.e., that his sentence is invalid because it is

greater than the "offense statutory maximum of 30 years." I dismissed the petition because Barnett did not pointed to any change in the substantive law associated with his convictions, and a review of current federal law indicated that the acts for which Barnett is incarcerated continue to constitute criminal offenses; accordingly, Barnett could not proceed under § 2241. See Civil Action No. 7:06cv00255. Barnett then appealed this court's order denying § 2241 relief to the United States Court of Appeals for the Fourth Circuit, along with a petition for a writ of mandamus. On October 2, 2006, the Court of Appeals denied Barnett's petition for mandamus and affirmed the denial of § 2241 relief "on the reasoning of the district court." See Fourth Circuit Case No. 06-7002.

In his present petition, Barnett reasserts the arguments he raised previously in this court in Civil Action No. 7:06cv00255. The crux of his argument is that his sentence is invalid because it is greater than the "offense statutory maximum of 30 years."* However, an inmate may not challenge the validity of his convictions or sentence in a § 2241 petition, unless a § 2255 motion is "inadequate or ineffective to test the legality of [the inmate's] detention." Swain v. Pressley, 430 U.S. 372, 381, 51 L. Ed. 2d 411 (1977). The United States Court of Appeals for the Fourth Circuit has held that a § 2255 motion is inadequate and ineffective to test the legality of an inmate's detention only when the following three elements are shown:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). Significantly, a procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render §

---

* Petitioner submitted motions with his complaint purporting to require findings of fact pursuant to Fed. R. Civ. P. 52 and judicial notice of adjudicative facts pursuant to Fed. R. Evid. 201. Neither rule is applicable here.

2

2255 review "inadequate." See In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997).

Considering Barnett's petition in light of the standard set forth in In re Jones, it is clear that he cannot proceed under § 2241. Barnett has not pointed to any change in the substantive law associated with his convictions, and a review of current federal law shows that the acts for which Barnett is currently incarcerated continue to constitute criminal offenses. See 21 U.S.C. § 841; 18 U.S.C. § 924(c); 18 U.S.C. § 922(g). Accordingly, Barnett's § 2241 petition must be dismissed.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

**ENTER**: This 15th day of February, 2007.

/s/ Jackson L. Kiser
Senior United States District Judge