CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
MAR - 6 2007
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BERNARD BARNETT,<br>    Petitioner, | )<br>)  Civil Action No. 7:07cv00051<br>) |
| v. | )  **MEMORANDUM OPINION &**<br>)  **ORDER**<br>) |
| UNITED STATES OF AMERICA,<br>    Respondent. | )  By: Hon. Jackson L. Kiser<br>)  Senior United States District Judge |

This matter is before the court upon petitioner Bernard Barnett's motion to alter or amend judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. By order entered February 15, 2007, I dismissed Barnett's petition filed pursuant to 28 U.S.C. § 2241. Upon review of the instant motion, I conclude that Barnett is not entitled to the requested relief.

Rule 60(b) permits the court to relieve a party from a final judgment, order, or proceeding for reasons of mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, and such other reasons as set out in the Rule. Fed. R. Civ. P. 60(b). Such relief is an extraordinary remedy and should only be invoked on a showing of exceptional circumstances. Dowell v. State Farm Fire and Cas. Auto Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993). Additionally, "inadvertence, ignorance of the rules, or mistakes construing the rules" and delays caused by the postal service do not usually constitute 'excusable' neglect. Thompson v. E.I. DuPont de Nemours & Co., 76 F.3d 530, 533-34 (4th Cir. 1996) (quoting Pioneer Invest. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 395 (1993)). Significantly, the purpose of Rule 60(b) is not to rehash those issues which have already been addressed in an earlier ruling. CNF Constructors, Inc. v. Dohohoe Construction Co., 57 F.3d 395, 401 (4th Cir. 1995).

1

Barnett has not alleged any of the factors listed in Rule 60(b) which would support granting relief. Rather, Barnett claims that, in construing his motions for reduction of sentence as petitions pursuant to 28 U.S.C. § 2255, "[t]he Second Circuit district court, court of appeals, and the Fourth Circuit district court **has** [sic] **committed mass fraud** and made §2255:2241 [sic] ineffective for **converting** a 18:3582 [sic] into a §2255." However, this claim – that it is "illegal" for a court to construe a motion for reduction of sentence as a successive § 2255 petition – is rehearsed at length in his § 2241 petition. Therefore, given that the purpose of Rule 60(b) is not to rehash those issues which have already been addressed in an earlier ruling, see CNF Constructors, supra, 57 F.3d at 401, I find that relief under Rule 60(b) is not appropriate.

Based on the foregoing, Barnett's motion to alter or amend judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure is **DENIED**.*

The Clerk of the Court is directed to send certified copies of this order to plaintiff and counsel of record for the defendants.

**ENTER**: This 6th day of March, 2007.

Senior United States District Judge

---

* The court notes that, while all the other motions petitioner raised were addressed in its memorandum opinion and order of February 15, 2007, the court did not address petitioner's motion for leave to proceed in forma pauperis (docket number 5). Inasmuch as the case has been dismissed, that motion is **DENIED as MOOT**.